## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DOMINIQUE JOHNSON,** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 22-CV-4108** |
| | : | |
| **TD BANK NATIONAL** | : | |
| **ASSOCIATION,** *et al.,* | : | |
| **Defendants** | : | |

### MEMORANDUM

**PRATTER, J.**                                                            **DECEMBER** / , 2022

Plaintiff Dominique Johnson, a convicted prisoner currently incarcerated at the United

States Penitentiary Pollock, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983,

asserting violations of his constitutional rights arising from his arrest and conviction on armed

robbery and related charges.  Currently before the Court are Mr. Johnson's Complaint

("Compl.") (ECF No. 3), his Motion for Leave to Proceed *in Forma Pauperis*, and his Prisoner

Trust Fund Account Statement.[1]  (ECF Nos. 1, 2.)  Mr. Johnson asserts claims against the

following defendants:  (1) TD Bank National Association ("TD Bank"); and TD Bank employees

(2) Dennis K. Wolf; (3) Regina Lasiewski; (4) Yanna Panagopoulos; and (5) Barry Breznicky.

(Compl. at 2, 3.)  The defendants are named in their official and individual capacities.  For the

following reasons, the Court will grant Mr. Johnson leave to proceed *in forma pauperis*, dismiss

his federal claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a

claim, and dismiss his state law claims without prejudice for lack of jurisdiction.

---

[1] Also before the Court is a motion filed by the defendants to dismiss this case.  Because the
Court will dismiss the case on statutory screening pursuant to 28 U.S.C. § 1915(e)(2)(B), the
motion will be denied as moot.

## I.   FACTUAL ALLEGATIONS[2]

On April 15, 2010, Mr. Johnson was charged via a second superseding indictment with ten counts of armed robbery and related charges stemming from a series of bank robberies that took place in Upper Dublin, Pennsylvania during the late spring and summer of 2009.[3]  *See United States v. Johnson*, Crim. A. No. 09-0685-2, ECF No. 79 (E.D. Pa.); *see also United States v. Johnson*, 899 F.3d 191, 196 (3d Cir. 2018).  On November 10, 2010, following a jury trial, Mr. Johnson was convicted on all charges and was later sentenced to 835 months in prison.  (*Id.*, ECF Nos. 171, 234.)  Mr. Johnson unsuccessfully appealed his conviction, and also unsuccessfully sought to vacate, set aside or correct his sentence.  (*Id.*, Nos. 486, 520.)  He now claims that his arrest, prosecution and incarceration are the result of his misidentification by Mr. Wolf as the perpetrator of a bank robbery, which resulted in Mr. Johnson's arrest and conviction in violation of his constitutional rights.[4]  (*See* Compl. at 12-23.)

Mr. Johnson alleges that on July 17, 2009, the Drexel Hill branch of TD Bank was robbed by a lone gunman who fled in a waiting car, which an investigation later revealed was

---

[2] The allegations set forth in this Memorandum are taken from Mr. Johnson's Complaint.  (ECF No. 3.)  The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.  Additionally, the Court includes facts reflected in the publicly available federal court docket, of which this Court may take judicial notice.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[3] In Crim. A. No. 09-0685-2, Mr. Johnson was charged with two counts of conspiracy to commit armed bank robbery, five counts of armed bank robbery and aiding and abetting armed bank robbery, and three counts of using a firearm during a crime of violence and aiding and abetting in that crime.  (*Id.*, ECF No. 79.)  Three other individuals were also charged in connection with the crimes.  (*Id.*)

[4] Mr. Johnson also appears to assert a claim challenging the computation of his sentence.  Specifically, he claims that he should be credited for an arrest date of August 6, 2009, but that this request has been denied.  (Compl. at 20.)  It is unclear to the Court how the named defendants could have contributed to any sentence miscalculation.  However, in light of the Court's disposition of Mr. Johnson's Complaint, it is unnecessary to consider this claim further.

registered to William Childs. (*Id.* at 15.) Mr. Childs was interviewed by law enforcement personnel and is alleged to have informed them that "Dom" paid Mr. Childs to register the car in Mr. Childs's name in June 2009. (*Id.* at 16.) He also informed law enforcement that "Dom," Gregory Lawrence, and Jerry Taylor were involved in other bank robberies, allegedly based on information personnel provided by Mr. Child's cousin Mr. Lawrence.[5] Mr. Childs identified Mr. Lawrence as the perpetrator of a May 29, 2009 robbery of Wachovia Bank robbery based on a surveillance photo; he did not implicate Mr. Johnson in either the Wachovia or TD Bank robberies. (*Id.*)

After three Wachovia employees also identified Mr. Lawrence as the perpetrator of the May 29, 2009 robbery, a warrant for his arrest was issued. (*Id.* at 17.) On August 6, 2009, agents are alleged to have entered Mr. Johnson's home to execute the arrest warrant for Mr. Lawrence. (*Id.*) Mr. Johnson alleges he was searched and that he and his car were seized. (*Id.* at 18.) Mr. Johnson alleges he was taken to FBI Headquarters (presumably the FBI field office in Philadelphia), where his request to leave and to contact a lawyer were dismissed. (*Id.*) TD Bank officials are alleged to have improperly obtained a photo array including Mr. Johnson's photo that evening. (*Id.*) Upon review of the photo array, Mr. Wolf identified Mr. Johnson as the perpetrator of the TD Bank robbery, although Mr. Wolf allegedly did not witness the robbery. (*Id.* at 18, 19.) Mr. Johnson alleges that Ms. Lasiewski, who did witness the robbery, identified a different individual as the perpetrator. (*Id.* at 19.) Mr. Johnson alleges that he was arrested pursuant to a warrant issued based on Mr. Wolf's identification. (*Id.*)

Mr. Johnson alleges that TD Bank, as the employer of the individual defendants, is responsible for their actions because they were acting in the scope of their employment at all

---

[5] Mr. Taylor was indicted along with Mr. Johnson. (*See* Crim. A. No. 09-0685-2, ECF No. 79.)

relevant times, and because TD Bank failed to adequately train and discipline its employees.[6]
(*Id.* at 12, 19, 22.)  He alleges that as a result of the defendants' actions, he has suffered
economic loss, damage to his reputation, and mental and physical distress.  (*Id.* at 23.)  Based on
the foregoing, Mr. Johnson alleges violations of his First, Fourth, Fifth, Tenth and Fourteenth
Amendment rights.  (*Id.* at 3, 24.)  He also asserts state law claims for false arrest, false
imprisonment, negligence, and civil conspiracy.  (*Id.* at 12.)  He requests an award of money
damages.  (*Id.* at 5, 24.)

## II.    STANDARD OF REVIEW

Because Mr. Johnson appears to be unable to pay the filing fee in this matter, the Court
will grant him leave to proceed *in forma pauperis*.[7]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii)
applies, which requires the Court to dismiss the complaint if it fails to state a claim.  Whether a
complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard
applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher
v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether
the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is
plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this
early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as
true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that]
complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"

---

[6] Mr. Johnson does not include any factual allegations describing conduct engaged in by
Defendants Panagopoulos or Breznicky. (*See* Compl.)  Accordingly, any claim against them is
not plausible and will be dismissed.

[7] However, because Mr. Johnson is a prisoner, he will be obligated to pay the filing fee in
installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

*Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678. Because Mr. Johnson is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011); *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III.   DISCUSSION

### A.   Federal Law Claims

The statutory vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  "A civil rights action brought [under]

section 1983 is sustainable against state actors only." *Boyd v. Pearson*, 346 Fed. App'x 814, 816

(3d Cir. 2009) (citing *Bright v. Westmoreland Cty.*, 380 F.3d 729, 736 (3d Cir. 2004).

Mr. Johnson alleges that TD Bank and its employees were at all times acting under color

of state law pursuant to their authority as "banking agents."[8]  (Compl. at 13.)  The Court also

understands Mr. Johnson to be asserting that the defendants conducted themselves as state actors

when they participated in the investigation of a bank robbery, during which Mr. Wolf

misidentified Mr. Johnson as the perpetrator of the crime.

Whether a defendant is acting under color of state law — i.e., whether the defendant is a

state actor — depends on whether there is "such a close nexus between the State and the

challenged action' that seemingly private behavior may be fairly treated as that of the State

itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).  "To

answer that question, [the United States Court of Appeals for the Third Circuit has] outlined

three broad tests generated by Supreme Court jurisprudence to determine whether state action

exists: (1) whether the private entity has exercised powers that are traditionally the exclusive

prerogative of the state; (2) whether the private party has acted with the help of or in concert with

state officials; and (3) whether the state has so far insinuated itself into a position of

interdependence with the acting party that it must be recognized as a joint participant in the

---

[8] To the extent that Mr. Johnson asserts claims against employees of TD Bank in their "official capacities," such claims are not cognizable because TD Bank is a private entity. *See Kreis v. Northampton Cty. Prison*, No. 21-2360, 2022 WL 4236692, at *8 (E.D. Pa. Sept. 14, 2022) (stating that official capacity claims are "inapplicable to suits against private parties where the entity is also susceptible to suit") citing *Owens v. Connections Cmty. Support Programs, Inc.*, 840 F.Supp.2d 791, 796 (D. Del. 2012) ("Generally, a suit against a [ ] public officer in his or her official capacity is used to compel that officer to take some official action [and that] concept . . . is inapplicable to suits against private parties where the entity is also susceptible to suit.").  Even if official capacity suits against individuals who work for private companies are cognizable, the suit would, in effect, be one against the company for whom that individual works. *See Kentucky v. Graham,* 473 U.S. 159, 105 (1985).  For these reasons, the official capacity claims against the individual defendants are dismissed.

challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). Mr. Johnson's allegations — that the named defendants worked in the banking industry and that they participated in a criminal investigation — do not plausibly allege such a close nexus between the alleged acts of the defendants and any action by the state to warrant treating the Defendants as state actors.

Courts in the Third Circuit have repeatedly held that "constitutional claims brought against banks fail as a matter of law because banks and their employees do not qualify as state actors." *Swope v. Northumberland Nat'l Bank*, No. 13-2257, 2014 WL 4716944, at *5 (M.D. Pa. Sept. 22, 2014) (citations omitted). *See also Bailey v. Harleysville Nat'l Bank & Trust*, 188 Fed. App'x 66, 68 (3d Cir. 2006) (quoting *Jackson v. Metro Edison Co.*, 419 U.S. 345, 350 (1974) ("[t]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment.") Additionally, participation in a police investigation does not render a private person a state actor for purposes of § 1983. *See Baack v. Rodgers*, No. 14-875, 2014 WL 4632380, at *1, 3 (E.D. Pa. Sept. 17, 2014) (rejecting § 1983 false arrest claim against a hospital and two of its employees who filed a police report regarding plaintiff's conduct because "reporting suspicious conduct to the police — or answering police questions about that conduct — without more, does not transform the Hospital Defendants into state actors" (citations omitted)); *Collins v. Christie*, No. 06-4702, 2007 WL 2407105, at *4 (E.D. Pa. Aug. 22, 2007) ("[E]ven if Dr. Columbo intentionally provided the false information to the police, the plaintiff would still fail to state a claim under § 1983.").

Because Mr. Johnson has not plausibly alleged that the named defendants are state actors, his constitutional claims must be dismissed. Mr. Johnson will not be granted leave to amend this claim because to do so would be futile. There is no other apparent basis for a claim arising under federal law, so Mr. Johnson's federal claims must be dismissed with prejudice.

### B.   State Law Claims

Mr. Johnson also asserts state law claims for false arrest, false imprisonment, negligence, and civil conspiracy against the named defendants. (Compl. 22-23.) However, because the Court has dismissed Mr. Johnson's federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over his state law claims. Accordingly, the only independent basis for jurisdiction over those claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Mr. Johnson alleges that he was a resident of Pennsylvania at all relevant times, and that he is a citizen of the United States. (Compl. at 12.) The Court construes this as an allegation that Mr. Johnson was a citizen of Pennsylvania. Mr. Johnson does not, however, allege the citizenship of the other parties. Rather, he provides a New Jersey address for TD Bank and Pennsylvania addresses (the address of the Drexel Hill TD Bank at which the individual defendants are alleged to be employed) for the individual Defendants. (*Id.* at 2, 3.) Accordingly, he has not met his burden to sufficiently allege that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.[9] His state law claims will be dismissed without prejudice for lack of subject matter jurisdiction.

## IV.   CONCLUSION

For the reasons stated, the Court will grant Mr. Johnson leave to proceed *in forma pauperis*, and dismiss his federal claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Mr. Johnson will not be granted leave to amend these claims because any attempt at amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108,

---

[9] Even if Mr. Johnson had been able to assert diversity of citizenship, his state law claims for false arrest, false imprisonment, negligence, and civil conspiracy against the named defendants would still be subject to dismissal because Mr. Johnson's state law claims challenge the constitutionality of his conviction and imprisonment and are not cognizable at this time. That is because, "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). The *Heck* doctrine also bars pursuing state law claims in federal court that would call into question the validity of an extant conviction. *Darnell v. Sabo*, No. 19-0871, 2022 WL 16577866, at *5 (N.D. Tex. Nov. 1, 2022) (citing *Elphage v. Gauteaux*, 969 F.Supp.2d 493, 515 (M.D. La. 2013); *Nelson v. Nordyke*, No. 07-1007, 2009 WL 648889, at *4 (N.D. Tex. Mar 10, 2009)).

110 (3d Cir. 2002).  The Court will dismiss Mr. Johnson's state law claims without prejudice for lack of subject matter jurisdiction.  An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER, J.